STARK & STARK
A PROFESSIONAL CORPORATION
PO BOX 5315
PRINCETON, NEW JERSEY 08543-5315
(609) 896-9060

and

COHEN & GRESSER LLP
100 PARK AVENUE
NEW YORK, NEW YORK 10017
(212) 957-7600
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTEMPCO CONTROLS LTD.,<br><br>                         Plaintiff,<br><br>- against -<br><br>ENDRESS+HAUSER, INC., ENDRESS+HAUSER WETZER (USA), INC., ENDRESS+HAUSER GMBH+CO, ROCKWELL AUTOMATION, INC, PYROMATION, INC., JUMO GMBH & CO. KG, JUMO PROCESS CONTROL INC., TEL-TRU, INC., and TEL-TRU DOMESTIC INTERNATIONAL SALES CORP.,<br><br>                        Defendants. | Civil Action No.<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

Intempco Controls Ltd. ("Intempco"), by way of this Complaint against Endress+Hauser, Inc., Endress+Hauser Wetzer (USA), Inc., Endress+Hauser GMBH + Co. (all Endress+Hauser entities collectively "E+H"), Rockwell Automation, Inc. ("Rockwell"), Pyromation, Inc. ("Pyromation"), Jumo Process Control, Inc. and Jumo GmbH & Co. KG (all Jumo entities

0056597.DOC

collectively "Jumo"), Tel-Tru, Inc., and Tel-Tru Domestic International Sales Corp. (all Tel-Tru entities collectively "Tel-Tru") (E+H, Rockwell, Pyromation, Jumo, and Tel-Tru referred to collectively herein as "Defendants") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of United States Pat. No. 7,223,014 ("the Patent") arising under 35 U.S.C. § 100, *et seq.*, and in particular § 271.

2. Intempco manufactures and sells, among other types of industrial instrumentation, Microprocessor Integrated Sensor Transmitter ("MIST") Temperature Sensors that combine a Resistive Temperature Device ("RTD") and a programmable transmitter into one unit. The programmability of MIST Temperature Sensors permits scaling of a pertinent temperature range to provide improved accuracy over competing non-programmable temperature transmitters.

3. On information and belief, E+H makes, offers for sale, and sells the TSM470 line of RTD transmitters.

4. On information and belief, Rockwell makes, offers for sale, and sells the 837E Temperature Transmitter line of sensors.

5. On information and belief, Pyromation makes, offers for sale, and sells the 450 Programmable Integral Temperature Transmitter ("the 450 Transmitter").

6. On information and belief, Jumo makes, offers for sale, sells, and imports the Dtrans T100 product.

7. On information and belief, Tel-Tru makes, offers for sale, and sells the ST100 product.

8. Each of the products made, sold, offered for sale (and, in the case of Jumo, imported), infringes the Patent.

## PARTIES

9. Intempco is a Canadian corporation, with its principal Canadian place of business at 2511, Guenette, Montreal, (Quebec) Canada H4R 2E9.

10. Intempco has a principal place of business in the United States at 165 State Street, Suite C, Hackensack, New Jersey 07601, where it sells among other products its patented MIST Temperature Sensors and manufactures other industrial instrumentation.

11. On information and belief, Endress+Hauser, Inc. is a corporation organized and existing under the laws of the state of Indiana, with its principal place of business at 2350 Endress Place, Greenwood, Indiana 46143.

12. On information and belief, Endress+Hauser Wetzer (USA), Inc. is a corporation organized and existing under the laws of the state of Indiana, with its principal place of business at 2350 Endress Place, Greenwood, Indiana 46143.

13. On information and belief, Endress+Hauser GMBH + Co. is a corporation organized and existing under the laws of the state of Indiana, with its principal place of business at 2340 Endress Place, Greenwood, Indiana 46143.

14. On information and belief, Rockwell is a corporation registered to do business in New Jersey, with its principal place of business at 1201 South 2nd Street, Milwaukee, Wisconsin 53204.

15. On information and belief, Pyromation is a corporation organized and existing under the laws of the state of Indiana, with its principal place of business at 5211 Industrial Road, Fort Wayne, Indiana 46825.

16. On information and belief, Jumo GmbH & Co. KG is a corporation organized and existing under the laws of the state of Germany, with its principal place of business at Moritz-Juchheim Straße 1, 36039 Fulda, Germany.

17. On information and belief, Jumo Process Control, Inc., is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 8 Technology Boulevard, Canastota, New York 13032.

18. On information and belief, Tel-Tru, Inc. is a corporation organized and existing under the laws of the state of New York, with its principal place of business at 408 St. Paul Street, Rochester, New York 14605.

19. On information and belief, Tel-Tru, Domestic International Sales Corp. is a corporation organized and existing under the laws of the state of New York, with its principal place of business at 36 West Maine Street, Rochester, New York 14605.

## JURISDICTION AND VENUE

20. This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. § 1338(a).

21. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

22. This Court has personal jurisdiction over each of the Defendants. Each Defendant regularly conducts and solicits business in the state of New Jersey and derives substantial revenue from goods used or services rendered in the state of New Jersey and in this judicial district.

23. On information and belief, E+H offers for sale and/or sells through its e-Direct website – www.e-direct.us – the TSM470 line of products in the state of New Jersey and within this judicial district.

24. On information and belief, E+H directly, or through intermediaries (including distributors, retailers, and others), offers for sale and/or sells the TSM470 line of products in the state of New Jersey and within this judicial district.

25. On information and belief, Rockwell offers for sale through its website Selection and Configuration tool – www.ab.com/conditionsensing/temperature/solidstate.html – the 837E Temperature Transmitter line of sensors in the state of New Jersey and within this judicial district.

26. On information and belief, Rockwell, directly or through intermediaries (including distributors, retailers, and others), offers for sale and/or sells the 837E Temperature Transmitter line of sensors in the state of New Jersey and within this judicial district.

27. On information and belief, Rockwell operates a sales office in the state of New Jersey and within this judicial district.

28. On information and belief, Pyromation offers for sale and/or sells through its website – www.pyromation.com – the 450 Transmitter in the state of New Jersey and within this judicial district.

29. On information and belief, Pyromation, directly or through intermediaries (including distributors, retailers, and others), offers for sale and/or sells the 450 Transmitter in the state of New Jersey and within this judicial district.

30. On information and belief, Jumo, directly imports, offers for sale, and/or sells the Dtrans T100 product in the state of New Jersey and within this judicial district.

31. On information and belief, Tel-Tru offers for sale and/or sells products through its website – www.teltru.com – the ST100 product in the state of New Jersey and within this judicial district.

32. On information and belief, Tel-Tru, directly or through intermediaries (including distributors, retailers, and others), offers for sale and/or sells the ST100 product in the state of New Jersey and within this judicial district.

33. Each of Defendants expects or should reasonably expect its infringement of the Patent to have consequences in the state of New Jersey.

34. Defendants' infringement of the Patent has caused injury to Intempco in the state of New Jersey.

## RELEVANT FACTS

### *The Patent*

35. After a full and fair examination by the United States Patent and Trademark Office, the Patent issued on May 29, 2007, entitled REMOTELY PROGRAMMABLE INTEGRATED SENSOR TRANSMITTER. A copy of the Patent is annexed hereto as Exhibit 1.

36. Intempco is and always has been the sole assignee of all rights, title, and interest in and to the Patent and possesses all rights of recovery under the Patent.

37. Intempco's Temperature Sensors incorporate certain or all of the claimed subject matter identified in the Patent.

### *The Intempco MIST Product*

38. Intempco describes its MIST products as, among other things, an "RTD and transmitter [combined] into one unit" with generally a 4 to 20mA signal, and possessing "the distinctive feature . . . that they can be calibrated and re-scaled . . . using the . . . programming module" via a PC.

### *The Infringing Products*

39. E+H describes the TSM470 products as a "compact RTD transmitter . . . that converts the [RTD] input signal into a temperature proportional 4 to 20mA signal" and possesses a "PC configuration cable connection."

40. Rockwell describes the 837E Temperature Transmitter as a "PC-programmable temperature transmitter[] with 4...20mA analog output" that uses "easy to use Windows-based programming software."

41. Pyromation describes the 450 Transmitter as a "PC programmable temperature transmitter" for converting an RTD "signal into a scaleable (4 to 20) mA analog output signal."

42. Jumo describes the Dtrans T100 product as "a screw-in resistance thermometer" with a "programmable 2-wire transmitter," and a "4 to 20mA . . . output" that is "linear with temperature." "The range, fine calibration or measuring circuit monitoring etc., can all be configured with the help of a setup program."

43. Tel-Tru describes the ST100 product as an "RTD probe assembly with built-in compact transmitter, [and a] 4 to 20mA . . . output," that is "PC programmable."

## CLAIMS FOR RELIEF

### First Count of Infringement Against E+H

44. Intempco repeats and re-alleges paragraphs 1-43 as if fully set forth herein.

45. E+H, through at least the TSM470 line of products has infringed and is infringing the Patent, literally or under the doctrine of equivalents, through one or more of the following acts: making, using, offering to sell, selling, or importing, in or into the United States, the invention of one or more claims of the Patent.

46. As a direct and proximate result of E+H's acts of infringement, Intempco has been, is being, and will be damaged. Consequently, Intempco is entitled to compensation for its damages from E+H under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained at trial.

47. As a direct and proximate result of each of E+H's acts of infringement, Intempco has been irreparably harmed and will continue to be harmed unless and until each of E+H's infringing acts is enjoined and restrained by order of this Court.

### Second Count of Infringement Against Rockwell

48. Intempco repeats and re-alleges paragraphs 1-47 as if fully set forth herein.

49. Rockwell, through at least the 837E Temperature Transmitter, has infringed and is infringing the Patent, literally or under the doctrine of equivalents, through one or more of the following acts: making, using, offering to sell, selling, or importing, in or into the United States, the invention of one or more claims of the Patent.

50. As a direct and proximate result of Rockwell's acts of infringement, Intempco has been, is being, and will be damaged. Consequently, Intempco is entitled to compensation for its damages from Rockwell under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained at trial.

51. As a direct and proximate result of each of Rockwell's acts of infringement, Intempco has been irreparably harmed and will continue to be harmed unless and until each of Rockwell's infringing acts is enjoined and restrained by order of this Court.

### Third Count of Infringement Against Pyromation

52. Intempco repeats and re-alleges paragraphs 1-51 as if fully set forth herein.

53. Pyromation, through at least the 450 Transmitter, has infringed and is infringing the Patent, literally or under the doctrine of equivalents, through one or more of the following acts: making, using, offering to sell, selling, or importing, in or into the United States, the invention of one or more claims of the Patent.

54. As a direct and proximate result of Pyromation's acts of infringement, Intempco has been, is being, and will be damaged. Consequently, Intempco is entitled to compensation for its damages from Pyromation under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained at trial.

55. As a direct and proximate result of each of Pyromation's acts of infringement, Intempco has been irreparably harmed and will continue to be harmed unless and until each of Pyromation's infringing acts is enjoined and restrained by order of this Court.

### Fourth Count of Infringement Against Jumo

56. Intempco repeats and re-alleges paragraphs 1-55 as if fully set forth herein.

57. Jumo, through at least the Dtrans T100 product, has infringed and is infringing the Patent, literally or under the doctrine of equivalents, through one or more of the following acts: making, using, offering to sell, selling, or importing, in or into the United States, the invention of one or more claims of the Patent.

58. As a direct and proximate result of Jumo's acts of infringement, Intempco has been, is being, and will be damaged. Consequently, Intempco is entitled to compensation for its damages from Jumo under to 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained at trial.

59. As a direct and proximate result of each of Jumo's acts of infringement, Intempco has been irreparably harmed and will continue to be harmed unless and until each of Jumo's infringing acts is enjoined and restrained by order of this Court.

### Fifth Count of Infringement Against Tel-Tru

60. Intempco repeats and re-alleges paragraphs 1-59 as if fully set forth herein.

61. Tel-Tru through at least the ST100 product has infringed and is infringing the Patent, literally or under the doctrine of equivalents, through one or more of the following acts: making, using, offering to sell, selling, or importing, in or into the United States, the invention of one or more claims of the Patent.

62. As a direct and proximate result of Tel-Tru's acts of infringement, Intempco has been, is being, and will be damaged. Consequently, Intempco is entitled to compensation for its damages from Tel-Tru under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained at trial.

63. As a direct and proximate result of each of Tel-Tru's acts of infringement, Intempco has been irreparably harmed and will continue to be harmed unless and until each of Tel-Tru's infringing acts is enjoined and restrained by order of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

(i) A judgment declaring that the Patent was duly and legally issued, is valid, and is enforceable;

(ii) A judgment declaring that each of Defendants has infringed the Patent as alleged herein;

(iii) A judgment and order awarding Intempco damages under 35 U.S.C. §284;

(iv) A judgment and order granting supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

(v) A judgment and order awarding Intempco pre-judgment and post-judgment interest on the damages awarded;

(vi) A judgment and order that each of the Defendants, their agents, employees, representatives, successors, and assigns, and those acting in privity or in concert therewith, be preliminarily and permanently enjoined from further infringement of the Patent; and

(vii) Such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Intempco requests a trial by jury of all claims so triable.

Respectfully submitted,

April 28, 2010

**STARK & STARK**
A Professional Corporation
P.O. Box 5315
Princeton, New Jersey 08543-5315

By:_____
CRAIG S. HILLIARD
Attorneys for Plaintiff

**COHEN & GRESSER LLP**
Karen H. Bromberg
Sandra C. McCallion
Francisco A. Villegas
Damir Cefo
100 Park Avenue
New York, New York 10017

*Attorneys for Plaintiff*
*Intempco Controls Ltd.*

## **LOCAL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, it is hereby stated that to the best of my knowledge and belief the matter in controversy is not the subject of any other action pending in any other Court or of a pending arbitration proceeding.

Dated: April 28, 2010

CRAIG S. HILLIARD