# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Intempco Controls Ltd., | : | Civil Action No. 10-2152 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **ORDER** |
| Endress+Hauser, Inc., Endress+Hauser | : | |
| Wetzer (USA), Inc., Endress+Hauser | : | |
| GmbH+Co., Rockwell Automation, Inc., | : | |
| Jumo GmbH & Co. KG, Jumo Process | : | |
| Control Inc., Tel-Tru, Inc., and Tel-Tru | : | |
| Domestic International Sales Corp., | : | |
| | : | |
| Defendants. | : | |

This matter having been brought before the Court by Joseph G. Falcone, Esq., attorney for Endress+Hauser, Inc., Endress+Hauser Wetzer (USA), Inc., Endress+Hauser GmbH+Co., and Rockwell Automation, Inc., on application for an Order allowing Thomas N. Pieper, Esq., to appear and participate pro hac vice; and the Court having considered the moving papers; and this matter being considered pursuant to FED.R.CIV.P. 78, and for good cause shown;

IT IS on this 22nd day of June, 2010,

ORDERED that Thomas N. Pieper, Esq., a member of the Bar of the State of New York, be permitted to appear pro hac vice in the above-captioned matter pursuant to L.CIV.R. 101.1(c); and it is further

ORDERED that, all pleadings, briefs, and other papers filed with the Court shall be signed by a member or associate of the law firm of Chadbourne & Parke LLP, attorneys of record for Endress+Hauser, Inc., Endress+Hauser Wetzer (USA), Inc., Endress+Hauser GmbH+Co., and Rockwell Automation, Inc. who are admitted to the Bar of this Court and shall be held

responsible for said papers and for the conduct of the case and who will be held responsible for the conduct of the attorney admitted hereby; and it is further

ORDERED that Thomas N. Pieper, Esq., shall pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with New Jersey Court Rule 1:28-2 within twenty (20) days from the date of the entry of this order; and it is further

ORDERED that Thomas N. Pieper, Esq., shall make payment of $150.00 to the Clerk of the United States District Court in accordance with L.CIV.R. 101.1(c)(3), as amended, within twenty (20) days from the date of the entry of this Order; and it is further

ORDERED that Thomas N. Pieper, Esq., shall be bound by the Rules of the United States District Court for the District of New Jersey, including, but not limited to the provisions of L.CIV.R. 103.1, Judicial Ethics and Professional Responsibility, and L.CIV.R. 104.1, Discipline of Attorneys; and it is further

ORDERED that Thomas N. Pieper, Esq., shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey State Court Contingency Fee Rule, Rule 1:21-7, as amended; and it is further

ORDERED that each attorney admitted *pro hac vice* pursuant to this Order shall within 30 days file with the Court a certified statement disclosing each bar in which the attorney is a member in good standing including the year of admission and the name and address of the official or office maintaining the roll of such members of its bar, or, in lieu thereof, a certificate of good standing issued by the person or office maintaining the roll of the members of this bar. (See 3/1/10 Amendments of Local Civil and Criminal Rules, L.Civ.R. 101.1(c)(1), *available at* http://www.njd.uscourts.gov/rules/AmendedLocalRulesApp2010.pdf).  Failure to timely file the

requisite certified statement or certificate of good standing may result in the revocation of the

attorney's *pro hac vice* admission.


  /s/ Esther Salas
**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**