## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| INTEMPCO CONTROLS LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ENDRESS+HAUSER, INC., | ) | |
| ENDRESS+HAUSER WETZER (USA), INC., | ) | CASE NO.: 2:10-CV-02152-SDW-MCA |
| ROCKWELL AUTOMATION, INC., | ) | |
| PYROMATION, INC., JUMO GMBH & CO. KG, | ) | |
| JUMO PROCESS CONTROL INC., TEL-TRU, | ) | |
| INC., and TEL-TRU DOMESTIC | ) | |
| INTERNATIONAL SALES CORP., | ) | |
| | ) | |
| Defendants. | ) | |

## PYROMATION, INC.'S ANSWER TO AMENDED COMPLAINT

Defendant, Pyromation, Inc. ("Pyromation"), by counsel, and for its Answer to the Amended Complaint filed by Plaintiff, Intempco Controls Ltd. ("Intempco"), alleges and states as follows.

## NATURE OF THE ACTION

1.      This is a civil action for infringement of United States Pat. No. 7,223,014 ("the Patent") arising under 35 U.S.C. §100, *et seq.*, and in particular §271.

**ANSWER:**   Pyromation admits that this is a lawsuit brought under the Patent Act, specifically denies that infringement has occurred, and denies all remaining allegations in Paragraph 1.

2.     Intempco designs, among other types of industrial instrumentation, Microprocessor Integrated Sensor Transmitter ("MIST") products covered by the Patent.  These products combine into one unit a sensor and a programmable scaling transmitter.  The MIST product's programmable scaling improves accuracy over competing sensor transmitters by permitting a user to optimize the range of a physical quantity (such as temperature, pressure, or other quantities) to be measured.  Intempco presently manufactures and sells MIST temperature products that use a Resistive Temperature Device ("RTD"), and humidity products that use a capacitance device.  Intempco is also in the process of releasing its MIST pressure and MIST level products.

**ANSWER:**   Pyromation lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2.

3.     On information and belief, E+H makes, offers for sale, and sells the TSM470 line of RTD transmitters.

**ANSWER:**   No response is required under Fed.R.Civ.P.8(b)(1)(B) because Paragraph 3 contains no allegations asserted against Pyromation.

4.     On information and belief, Rockwell makes, offers for sale, and sells the 837E Temperature Transmitter line of sensors.

**ANSWER:**   No response is required under Fed.R.Civ.P.8(b)(1)(B) because Paragraph 4 contains no allegations asserted against Pyromation.

2

5.     On information and belief, Pyromation makes, offers for sale, and sells the 450 Programmable Integral Temperature Transmitter ("the 450 Transmitter").

**ANSWER:**   Admitted.

6.     On information and belief, Jumo makes, offers for sale, sells, and imports the Dtrans T100 product.

**ANSWER:**   No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 6 contains no allegations asserted against Pyromation.

7.     On information and belief, Tel-Tru makes, offers for sale, and sells the ST100 product.

**ANSWER:**   No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 7 contains no allegations asserted against Pyromation.

8.     Each of the aforementioned products that Defendants make, sell, offer for sale (and, in Jumo's case, imports), infringe the Patent.

**ANSWER:**   Pyromation denies that the 450 Transmitter infringes.   No response is required to the remaining allegations in Paragraph 8 because they are not asserted against Pyromation.

## PARTIES

9.     Intempco is a Canadian corporation, with its principal Canadian place of business at 2511, Guenette, Montreal, (Quebec) Canada H4R 2E9.

**ANSWER:**   Pyromation lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9.

10.     Intempco has a principal place of business in the United States at 165 State Street, Suite C, Hackensack, New Jersey 07601, where it sells among other products its patented MIST products and manufactures other industrial instrumentation.

**ANSWER:**   Pyromation lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10.

11.     On information and belief, Endress+Hauser, Inc. is a corporation organized and existing under the laws of the state of Indiana, with its principal place of business at 2350 Endress Place, Greenwood, Indiana 46143.

**ANSWER:**   No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 11 contains no allegations asserted against Pyromation.

12.     On information and belief, Endress+Hauser Wetzer (USA), Inc. is a corporation organized and existing under the laws of the state of Indiana, with its principal place of business at 2350 Endress Place, Greenwood, Indiana 46143.

4

**ANSWER:**    No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 12 contains no allegations asserted against Pyromation.

13.    On information and belief, Rockwell is a corporation registered to do business in New Jersey, with its principal place of business as 1201 South 2nd Street, Milwaukee, Wisconsin 53204.

**ANSWER:**    No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 13 contains no allegations asserted against Pyromation.

14.    On information and belief, Pyromation is a corporation organized and existing under the laws of the state of Indiana, with its principal place of business at 5211 Industrial Road, Fort Wayne, Indiana 46825.

**ANSWER:**    Admitted.

15.    On information and belief, Jumo GMBH & Co. KG is a corporation organized and existing under the laws of Germany, with its principal place of business at Moritz-Juchheim Straße 1,n 36039 Fulda, Germany.

**ANSWER:**    No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 15 contains no allegations asserted against Pyromation.

16.    On information and belief, Jumo Process Control, Inc., is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 8 Technology Boulevard, Canastota, New York 13032.

**ANSWER:**    No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 16 contains no allegations asserted against Pyromation.

17.    On information and belief, Tel-Tru, Inc. is a corporation organized and existing under the laws of the state of New York, with its principal place of business at 408 St. Paul Street, Rochester, New York 14605.

**ANSWER:**    No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 17 contains no allegations asserted against Pyromation.

18.    On information and belief, Tel-Tru Domestic International Sales Corp., is a corporation organized and existing under the laws of the state of New York, with its principal place of business at 36 West Maine Street, Rochester, New York 14605.

**ANSWER:**    No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 18 contains no allegations asserted against Pyromation.

## JURISDICTION AND VENUE

19.    This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. § 1338(a).

6

**ANSWER:**    Admitted.

20.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**ANSWER:**    Admitted.

21.    This Court has personal jurisdiction over each of the Defendants.  Each Defendant regularly conducts and solicits business in the state of New Jersey and derives substantial revenue from goods used or services rendered in the state of New Jersey and in this judicial district.

**ANSWER:**    Pyromation admits that it is subject to personal jurisdiction in this district, denies all remaining allegations against it in Paragraph 21, and states that no response is required to any allegations not asserted against it.

22.    On information and belief, E+H offers for sale and/or sells through its e-Direct website – www.e-directs.us – the TSM470 line of products in the state of New Jersey and within this judicial district.

**ANSWER:**    No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 22 contains no allegations asserted against Pyromation.

23.    On information and belief, E+H directly, or through intermediaries (including distributors, retailers, and others), offers for sale and/or sells the TSM470 line of products in the state of New Jersey and within this judicial district.

7

**ANSWER:**   No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 23 contains no allegations asserted against Pyromation.

24.   On information and belief, Rockwell offers for sale through its Selection and Configuration tool – www.ab.com/conditionsensing/temperature/solidstate.html – the 837E Temperature Transmitter line of sensors in the state of New Jersey and within this judicial district.

**ANSWER:**   No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 24 contains no allegations asserted against Pyromation.

25.   On information and belief, Rockwell, directly of through intermediaries (including distributors, retailers, and others), offers for sale and/or sells the 837E Temperature Transmitter line of sensors in the state of New Jersey and within this judicial district.

**ANSWER:**   No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 25 contains no allegations asserted against Pyromation.

26.   On information and belief, Rockwell operates a sales office in the state of New Jersey and within this judicial district.

**ANSWER:**   No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 26 contains no allegations asserted against Pyromation.

27.    On information and belief, Pyromation offers for sale and/or sells through its website – www.pyromation.com – the 450 Transmitter in the state of New Jersey and within this judicial district.

**ANSWER:**    Denied.

28.    On information and belief, Pyromation, directly or through intermediaries (including distributors, retailers, and others), offers for sale and/or sells the 450 Transmitter in the state of New Jersey and within this judicial district.

**ANSWER:**    Pyromation admits that it has limited sales of the "450 Transmitter" in New Jersey.  Pyromation lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28.

29.    On information and belief, Jumo directly imports, offers for sale, and/or sells the Dtrans T100 product in the state of New Jersey and within this judicial district.

**ANSWER:**    No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 29 contains no allegations asserted against Pyromation.

30.    On information and belief, Tel-Tru offers for sale and/or sells products through its website – www.teltru.com – the ST100 product in the state of New Jersey and within this judicial district.

9

**ANSWER:**   No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 30 contains no allegations asserted against Pyromation.

31.   On information and belief, Tel-Tru, directly or through intermediaries (including distributors, retailers, and others), offers for sale and/or sells the ST100 product in the state of New Jersey and within this judicial district.

**ANSWER:**   No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 31 contains no allegations asserted against Pyromation.

32.   Each of Defendants expects or should reasonably expect its infringement of the Patent to have consequences in the state of New Jersey.

**ANSWER:**   Pyromation denies all allegations in Paragraph 32 asserted against it and states that no response is required to any allegations that are not asserted against it.

33.   Defendants' infringement of the Patent has caused injury to Intempco in the state of New Jersey.

**ANSWER:**   Pyromation denies all allegations in Paragraph 33 against it and states that no response is required to any allegations that are not asserted against it.

10

## RELEVANT FACTS

34.    After a full and fair examination by the United States Patent and Trademark Office, the Patent issued on May 29, 2007, entitled REMOTELY PROGRAMMABLE INTEGRATED SENSOR TRANSMITTER.  A copy of the Patent is annexed hereto as Exhibit 1.

**ANSWER:**    Pyromation admits that U.S. Patent No. 7,223,014 (the "'014 Patent") is entitled "REMOTELY PROGRAMMABLE INTEGRATED SENSOR TRANSMITTER" and issued on May 29, 2007.  Pyromation denies the remaining allegations in Paragraph 34.

35.    Intempco is and always has been the sole assignee of all rights, title, and interest in and to the Patent and possesses all rights of recovery under the Patent.

**ANSWER:**    Pyromation lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35.

36.    Intempco's MIST products incorporate certain or all of the claimed subject matter identified in the Patent.

**ANSWER:**    Pyromation lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36.

37.    Intempco describes its MIST temperature sensors as an "RTD and transmitter [combined] into one unit" with generally a 4 to 20mA signal, and possessing "the distinctive

11

feature . . . that they can be calibrated and re-scaled . . . using the . . . programming module" via a PC. All present MIST sensor products possess, or are likely to possess in the future, similar functionality.

**ANSWER:**    Pyromation lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37.

38.    E+H describes the TSM470 products as a "compact RTD transmitter . . . that converts the [RTD] input signal into a temperature proportional 4 to 20mA signal" and possesses a "PC configuration cable connection."

**ANSWER:**    No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 38 contains no allegations asserted against Pyromation.

39.    On information and belief, E+H has or presently makes, offers for sale, and sells other sensor products, besides those directed to temperature, with scaling features similar to those contained in the TSM470.

**ANSWER:**    No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 39 contains no allegations asserted against Pyromation.

40.    Rockwell describes the 837E Temperature Transmitter as a "PC-programmable temperature transmitter[] with 4 . . . 20mA analog output" that uses "easy to use Windows-based programming software."

12

**ANSWER:**    No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 40 contains no allegations asserted against Pyromation.

41.    On information and belief, Rockwell has or presently makes, offers for sale, and sells other sensor products, besides those directed to temperature, with scaling features similar to those contained in the 837E Temperature Transmitter.

**ANSWER:**    No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 41 contains no allegations asserted against Pyromation.

42.    Pyromation describes the 450 Transmitter as a "PC programmable temperature transmitter" for converting an RTD "signal into a scaleable (4 to 20) mA analog output signal."

**ANSWER:**    Admitted.

43.    Jumo describes the Dtrans T100 product as "a screw-in resistance thermometer" with a "programmable 2-wire transmitter," and a "4 to 20mA . . . output" that is "linear with temperature."   "The range, fine calibration or measuring circuit monitoring etc., can all be configured with the help of a setup program."

**ANSWER:**    No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 43 contains no allegations asserted against Pyromation.

44.    Tel-Tru describes the ST100 product as an "RTD probe assembly with built-in compact transmitter, [and a] 4 to 20mA . . . output," that is "PC programmable."

13

**ANSWER:**    No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 44 contains no allegations asserted against Pyromation.

## CLAIMS FOR RELIEF

### First Count of Infringement Against E+H

45.    Intempco repeats and re-alleges paragraphs 1-44 as if fully set forth herein.

**ANSWER:**    Pyromation repeats and re-alleges its Answers to paragraphs 1-44 as if fully set forth herein.

46.    E+H, through at least the TSM470 line of products, has infringed and is infringing the Patent, literally or under the doctrine of equivalents, through one or more of the following acts: making, using, offering to sell, selling, or importing, in or into the United States, the invention of one or more claims of the Patent.

**ANSWER:**    No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 46 contains no allegations asserted against Pyromation.

47.    As a direct and proximate result of E+H's acts of infringement, Intempco has been, is being, and will be damaged.  Consequently, Intempco is entitled to compensation of its damages from E+H under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained at trial.

**ANSWER:**   No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 47 contains no allegations asserted against Pyromation.

48.    As a direct and proximate result of each of E+H's acts of infringement, Intempco has been irreparably harmed and will continue to be harmed unless and until each of E+H's infringing acts is enjoined and restrained by order of this Court.

**ANSWER:**   No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 48 contains no allegations asserted against Pyromation.

## Second Count of Infringement Against Rockwell

49.    Intempco repeats and re-alleges paragraphs 1-44 as if fully set forth herein.

**ANSWER:**   Pyromation repeats and re-alleges its Answers to paragraphs 1-48 as if fully set forth herein.

50.    Rockwell, through at least 837E Temperature Transmitter, has infringed and is infringing the Patent, literally or under the doctrine of equivalents, through one or more of the following acts: making, using, offering to sell, selling, or importing, in or into the United States, the invention of one or more claims of the Patent.

**ANSWER:**   No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 50 contains no allegations asserted against Pyromation.

15

51.     As a direct and proximate result of Rockwell's acts of infringement, Intempco has been, is being, and will be damaged.  Consequently, Intempco is entitled to compensation for its damages from Rockwell under 35 U.S.C. § 382 in an amount that cannot presently be quantified but will be ascertained at trial.

**ANSWER:**     No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 51 contains no allegations asserted against Pyromation.

52.     As a direct and proximate result of each of Rockwell's acts of infringement, Intempco has been irreparably harmed and will continue to be harmed unless and until each of Rockwell's infringing acts is enjoined and restrained by order of this Court.

**ANSWER:**     No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 52 contains no allegations asserted against Pyromation.

### Third Count of Infringement Against Pyromation

53.     Intempco repeats and re-alleges paragraphs 1-44 as if fully set forth herein.

**ANSWER:**     Pyromation repeats and re-alleges its Answers to paragraphs 1-52 as if fully set forth herein.

54.     Pyromation, through at least the 450 Transmitter, has infringed and is infringing the Patent, literally or under the doctrine of equivalents, through one or more of the following

acts: making, using, offering to sell, selling, or importing, in or into the United States, the invention of one or more claims of the Patent.

**ANSWER:**   Denied.


55.   As a direct and proximate result of Pyromation's acts of infringement, Intempco has been, is being, and will be damaged.  Consequently, Intempco is entitled to compensation for its damages from Pyromation under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained at trial.

**ANSWER:**   Denied.


56.   As a direct and proximate result of each of Pyromation's acts of infringement, Intempco has been irreparably harmed and will continued to be harmed unless and until each of Pyromation's infringing acts is enjoined and restrained by order of this Court.

**ANSWER:**   Denied.


### Fourth Count of Infringement Against Jumo

57.   Intempco repeats and re-alleges paragraphs 1-44 as if fully set forth herein.

**ANSWER:**   Pyromation repeats and re-alleges its Answers to paragraphs 1-56 as if fully set forth herein.

58.     Jumo, through at least the Dtrans T100 product, has infringed and is infringing the Patent, literally or under the doctrine of equivalents, through one or more of the following acts: making, using, offering to sell, selling, or importing, in or into the United States, the invention of one or more claims of the Patent.

**ANSWER:**     No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 58 contains no allegations asserted against Pyromation.

59.     As a direct and proximate result of Jumo's acts of infringement, Intempco has been, is being, and will be damaged.  Consequently, Intempco is entitled to compensation for its damages from Jumo under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained at trial.

**ANSWER:**     No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 59 contains no allegations asserted against Pyromation.

60.     As a direct and proximate result of each of Jumo's acts of infringement, Intempco has been irreparably harmed and will continued to be harmed unless and until each of Jumo's infringing acts is enjoined and restrained by order of this Court.

**ANSWER:**     No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 60 contains no allegations asserted against Pyromation.

## Fifth Count of Infringement Against Tel-Tru

61.     Intempco repeats and re-alleges paragraphs 1-44 as if fully set forth herein.

**ANSWER:**   Pyromation repeats and re-alleges its Answers to paragraphs 1-60 as if fully set forth herein.


62.     Tel-Tru through at least the ST100 product has infringed and is infringing the Patent, literally or under the doctrine of equivalents, through one or more of the following acts: making, using, offering to sell, selling, or importing in or into the United States, the invention of one or more claims of the Patent.

**ANSWER:**   No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 62 contains no allegations asserted against Pyromation.


63.     As a direct and proximate result of Tel-Tru's acts of infringement, Intempco has been, is being, and will be damaged.  Consequently, Intempco is entitled to compensation for its damages from Tel-Tru under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained at trial.

**ANSWER:**   No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 63 contains no allegations asserted against Pyromation.

64.     As a direct and proximate result of each of Tel-Tru's acts of infringement, Intempco has been irreparably harmed and will continue to be harmed unless and until each of Tel-Tru's infringing acts is enjoined and restrained by order of this Court.

**ANSWER:**     No response is required under Fed.R.Civ.P. 8(b)(1)(B) because Paragraph 64 contains no allegations asserted against Pyromation.

## AFFIRMATIVE DEFENSES

1.     Intempco fails to state a claim against Pyromation upon which relief can be granted.

2.     Upon information and belief, the '014 Patent is invalid under one or more of 35 U.S.C. §§102, 103, and 112.

3.     Upon information and belief, Intempco's claims of infringement are limited or barred by the doctrine of prosecution history estoppel.

4.     Pyromation reserves the right to assert additional defenses in accordance with the Court's anticipated scheduling order.

## PRAYER FOR RELIEF

WHEREFORE, Pyromation demands the following relief:

(i)     A judgment declaring that the '014 Patent is invalid and unenforceable;

(ii)     A judgment declaring that Pyromation has not infringed the '014 Patent;

(iii)   A judgment and order awarding Pyromation it attorneys' fees and costs in defending this action; and

(iv)   Such other further relief as the Court deems just and equitable.

Respectfully submitted,

*/s/Thomas F. McGuane, Esq.*
Thomas F. McGuane, Esq.
**MCELROY, DEUTSCHM MULVANEY &**
   **CARPENTER, LLP**
100 Mulberry Street
Three Gateway Center
17th Floor Essex Co.
Newark, NJ 07102-4079

D. Randall Brown, Esq. (15127-49)
randy.brown@btlaw.com
**BARNES & THORNBURG LLP**
600 One Summit Square
Fort Wayne, IN  46802
Telephone No.: (260) 423-9440
Facsimile:  (260) 424-8316

ATTORNEYS FOR DEFENDANT,
PYROMATION, INC.

21

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing document has

been served this _____ day of July 2010, by electronically filing the same with the Clerk of the

Court using the CM/ECF system which sent notification of such filing to the following:

Craig S. Hilliard, Esq.
Martin P. Schrama, Esq.
Stark & Stark, PC
Princeton Pike Corporate Center
993 Lenox Drive - Building Two
PO Box 5315
Princeton, NJ 08543-5315

Joseph Gerard Falcone, Esq.
Thomas N. Pieper, Esq.
John M. Hintz, Esq.
Chadbourne & Parke, LLP
30 Rockefeller Plaza
New York, NY 10112-0127

Nicholas Mesiti, Esq.
Heslin Rothenberg Farley & Mesiti, PC
5 Columbia Circle
Albany, NY 12203

Thomas Michael Walsh, Esq.
Trenk, Depasquale, Webster, Della,
   Fera & Sodono, PC
347 Mt. Pleasant Avenue
Suite 300
West Orange, NJ 07052

Karen H. Bromberg, Esq.
Sandra C. McCallion, Esq.
Francisco A. Villegas, Esq.
Cohen & Gresser, LLP
800 Third Avenue
New York, NY 10022

Denis J. Sullivan, Esq.
Muldoon Blasiak & Sullivan LLP
250 S. Clinton Street
Suite 300
Syracuse, NY 13202

Alyssa A. Cimino, Esq.
Cimino & Nowicki, LLP
376 Hollywood Avenue
Fairfield, NJ 07004

/s/ Thomas F. McGuane
Thomas F. McGuane

FWDS01 251570v1