U. S. DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Intempco Controls Ltd.<br><br>                          Plaintiff,<br><br>                 v.<br><br>Endress+Hauser, Inc.; Endress+Hauser Wetzer (USA), Inc.; Rockwell Automation, Inc.; Pyromation, Inc.; Jumo Gmbh & Co, KG; Tel-Tru, Inc.; Tel-Tru Domestic International Sales Corp.; Jumo Process Control Inc.<br><br>                          Defendants. | Civil Action No.: 2:10-cv-02152-SDW-MCA<br><br><br>**DEFENDANTS TEL-TRU, INC. AND TEL-TRU DOMESTIC INTERNATIONAL SALES CORP.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS** |

      Defendants and Counter-Plaintiffs, Tel-Tru, Inc. and Tel-Tru Domestic International Sales Corp. (collectively "Tel-Tru") by their attorneys, hereby answer the Amended Complaint (Docket No. 41) ("Complaint") of Plaintiff and Counter-Defendant Intempco Controls Ltd. ("Plaintiff") and counterclaim as follows:

## NATURE OF THE ACTION

      1.     Tel-Tru admits the allegations in Paragraph 1 of the Complaint.

      2.     Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint, and therefore denies the same.

      3.     Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint, and therefore denies the same.

4.	Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint, and therefore denies the same.

5.	Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Complaint, and therefore denies the same.

6.	Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint, and therefore denies the same.

7.	Tel-Tru admits the allegations in Paragraph 7 of the Complaint to the extent it sells the ST 100 product and to the extent it assembles the ST 100 product using at least one electrical component including a printed circuit board purchased from Endress+Hauser, Inc., Endress+Hauser Wetzer (USA), Inc. and/or Endress+Hauser GMBH+Co.  Tel-Tru denies the remaining allegations in paragraph 7 of the Complaint.

8.	Tel-Tru denies the allegation that the ST100 infringes United States Patent No. 7,223,014 ("the Patent").  Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 8 of the Complaint, and therefore denies the same.

**PARTIES**

9.	Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint, and therefore denies the same.

10. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint, and therefore denies the same.

11. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint, and therefore denies the same.

12. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint, and therefore denies the same.

13. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint, and therefore denies the same.

14. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint, and therefore denies the same.

15. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint, and therefore denies the same.

16. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint, and therefore denies the same.

17. Tel-Tru admits the allegations contained in Paragraph 17 of the Complaint.

18. Tel-Tru admits the allegations contained in Paragraph 18 of the Complaint to the extent that Tel-Tru Domestic International Sales Corp. is a corporation existing under the Laws of the State of New York.  The remaining allegations in Paragraph 18 are denied.

## JURISDICTION AND VENUE

19. Tel-Tru admits the allegations contained in Paragraph 19 of the Complaint.

20. The allegations contained in Paragraph 20 of the Complaint are denied.

21. The allegations contained in Paragraph 21 of the Complaint are denied.

22. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint, and therefore denies the same.

23. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Complaint, and therefore denies the same.

24. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Complaint, and therefore denies the same.

25. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint, and therefore denies the same.

26. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Complaint, and therefore denies the same.

27.	Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Complaint, and therefore denies the same.

28.	Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Complaint, and therefore denies the same.

29.	Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the Complaint, and therefore denies the same.

30.	The allegations contained in Paragraph 30 of the Complaint are denied.

31.	The allegations contained in Paragraph 31 of the Complaint are denied.

32.	The allegations contained in Paragraph 32 of the Complaint are denied.

33.	The allegations contained in Paragraph 33 of the Complaint are denied.

## RELEVANT FACTS

34.	Tel-Tru admits that the Patent issued on May 29, 2007, entitled REMOTELY PROGRAMMABLE INTEGRATED SENSOR TRANSMITTER, and that a copy of the Patent is annexed to the Complaint as Exhibit 1.  The remaining allegations in Paragraph 34 are denied.

35.	Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of the Complaint, and therefore denies the same.

36.	Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of the Complaint, and therefore denies the same.

37. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of the Complaint, and therefore denies the same.

38. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the Complaint, and therefore denies the same.

39. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of the Complaint, and therefore denies the same.

40. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the Complaint, and therefore denies the same.

41. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Complaint, and therefore denies the same.

42. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of the Complaint, and therefore denies the same.

43. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Complaint, and therefore denies the same.

44. Tel-Tru admits that it describes the ST100 product as a "[s]anitary RTD probe assembly with built-in compact transmitter, 4 to 20 mA 2-wire loop powered output, with single

element thin film Pt100 3-wire RTD, Accuracy Class A +/- .06% at 0ºC (coefficient 0.00385) PC programmable."

## CLAIMS FOR RELIEF

### First Count of Infringement Against E+H

45. Tel-Tru incorporates by reference its responses to the above paragraphs as if set forth in full herein.

46. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 46 of the Complaint, and therefore denies the same.

47. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 of the Complaint, and therefore denies the same.

48. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 of the Complaint, and therefore denies the same.

### Second Count of Infringement Against Rockwell

49. Tel-Tru incorporates by reference its responses to the above paragraphs as if set forth in full herein.

50. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of the Complaint, and therefore denies the same.

51. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 of the Complaint, and therefore denies the same.

52. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of the Complaint, and therefore denies the same.

### Third Count of Infringement Against Pyromation

53. Tel-Tru incorporates by reference its responses to the above paragraphs as if set forth in full herein.

54. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of the Complaint, and therefore denies the same.

55. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 of the Complaint, and therefore denies the same.

56. Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 of the Complaint, and therefore denies the same.

### Fourth Count of Infringement Against Jumo

57. Tel-Tru incorporates by reference its responses to the above paragraphs as if set forth in full herein.

58.     Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of the Complaint, and therefore denies the same.

59.     Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 of the Complaint, and therefore denies the same.

60.     Tel-Tru is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of the Complaint, and therefore denies the same.

## Fifth Count of Infringement Against Tel-Tru

61.     Tel-Tru incorporates by reference its responses to the above paragraphs as if set forth in full herein.

62.     The allegations contained in Paragraph 62 of the Complaint are denied.

63.     The allegations contained in Paragraph 63 of the Complaint are denied.

64.     The allegations contained in Paragraph 64 of the Complaint are denied.

## AFFIRMATIVE DEFENSES

### First Defense

(Non-Infringement)

65.     Tel-Tru is not infringing, has not infringed and is not liable for infringing any valid and enforceable claim of the Patent, either directly or indirectly by inducing others to infringe or by contributing to infringement by others or literally or under the doctrine of equivalents.

**Second Defense**

(Invalidity)

66.	Upon information and belief, the Patent is invalid for failing to meet one or more requirements of patentability set forth in Title 35, United States Code §§ 101, 102, 103 and 112.

**Third Defense**

(Lack of Personal Jurisdiction)

67.	This Court lacks personal jurisdiction over Tel-Tru.

**Fourth Defense**

(Improper Venue)

68.	Venue is improper in this Court.

**Fifth Defense**

(Failure to State a Claim)

69.	Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**Sixth Defense**

(Prosecution History Estoppel)

70.	By reason of representations made to the United States Patent Office during prosecution of the application for the Patent, Plaintiff is estopped to contend that Tel-Tru infringes the Patent.

**Seventh Defense**

(Marking)

71.	Plaintiff has presented no information that it, prior owners of the Patent and their licensees have complied with the marking requirements of 35 U.S.C. §287(a).  Accordingly,

Plaintiff is precluded from recovering damages for alleged infringement, if any, until the date the Plaintiff actually notified Tel-Tru of the alleged infringement.

## Eighth Defense

(Unclean Hands)

72. The asserted Patent is unenforceable due to Plaintiff's unclean hands.

## Ninth Defense

(Laches and/or Estoppel)

73. Plaintiff's claim is barred by the doctrine of laches and/or estoppel.

## Tenth Defense

(Other Affirmative Defenses Based on Later Discovered Evidence)

74. Tel-Tru reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case. Such defenses may include the defense of inequitable conduct, which would render the Patent unenforceable.

## **COUNTERCLAIMS**

### Declaratory Judgment Of Non-Infringement And Invalidity

As and for its counterclaims, Tel-Tru alleges as follows:

1. Tel-Tru, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 408 St. Paul Street, Rochester, New York 14605.

2. Tel-Tru Domestic International Sales Corp. is a corporation organized and existing under the laws of the State of New York, but is currently inactive.

3. Plaintiff alleges that it is a Canadian corporation, with its principal Canadian place of business at 2511, Guenette, Montreal (Quebec) Canada H4R 2E9.

4. Plaintiff alleges that it has a principal place of business in the United States at 165 State Street, Suite C, Hackensack, New Jersey 07601.

5. Jurisdiction of these counterclaims arises under the Federal Declaratory Judgments Act, Title 28, United States Code, Section 2201 and 2202, and under the laws of the United States concerning actions relating to Patents, Title 28, United States Code, Section 1338(a).

6. This Court has personal jurisdiction over Plaintiff by virtue of its appearance as a plaintiff in this action.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c).

8. By its Complaint, Plaintiff purports to put Tel-Tru on notice of and asserts a claim for infringement of the Patent.

9. Tel-Tru has not and does not infringe, induce infringement of or contribute to the infringement of any valid and enforceable claim of the Patent literally or under the doctrine of equivalents.

10. The Patent is invalid because it fails to meet one or more of the conditions for patentability set forth in Title 35, United States Code §§ 101, 102, 103 and 112.

11. There is a justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between Plaintiff and Tel-Tru concerning the validity and scope of the Patent and whether the Tel-Tru is liable for infringement thereof.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint and asserted its defenses and counterclaims against Plaintiff, Tel-Tru respectfully prays for judgment:

A. Dismissing Plaintiff's Complaint with prejudice and denying each and every claim and cause of action asserted therein against Tel-Tru;

B. Adjudging and declaring that each of the claims of the Patent is invalid;

C. Adjudging and declaring that Tel-Tru has not infringed, has not contributed to the infringement of and has not induced infringement of any claim of the Patent;

D. Enjoining and restraining Plaintiff, its officers, agents, servants, employees and attorneys, as well as those persons in active consort and participation with them who receive actual notice of the judgment, from directly or indirectly charging infringement, or instituting any further action for infringement, of the Patent against Tel-Tru, its officers, agents, servants, employees, vendees, suppliers, customers or any others in direct or indirect privity with it;

E. Declaring this case exceptional under 35 U.S.C. §285 and awarding Tel-Tru its reasonable attorney's fees, expenses and costs in this action; and

F.	Awarding to Tel-Tru such other and further relief as this court may deem just and proper.


Dated:  July 16, 2010	Respectfully Submitted,

*/s/ Thomas M. Walsh*
Thomas M. Walsh, Esq
(twalsh@trenklawfirm.com)
**Trenk, DiPasquale, Webster**
**Della Fera & Sodono, P.C.**
347 Mount Pleasant Avenue, Suite 300
West Orange, New Jersey 07052
Tel:  973-323-8675
Fax:  973-243-8677

s/ Nicholas Mesiti
Nicholas Mesiti, Esq.
(nm@hrfmlaw.com)
*Pro Hac Vice Application Pending*
**Heslin Rothenberg Farley & Mesiti P.C.**
5 Columbia Circle
Albany, New York 12203
Tel:  518-452-5600
Fax:  518-452-5579
*Attorneys for Defendants Tel-Tru, Inc. and*
*Tel-Tru Domestic International Sales Corp.*

## CERTIFICATION OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing Answer to Plaintiff's First Amended Complaint and Counterclaims has been served this 15th day of July 2010, by electronically filing the same with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Craig S. Hilliard, Esq.<br>Martin P. Schrama, Esq.<br>Stark & Stark, PC<br>Princeton Pike Corporate Center<br>993 Lenox Drive, Building Two<br>PO Box 5315<br>Princeton, NJ 08543-5315<br>*Attorneys for Plaintiff* | Thomas F. McGuane, Esq.<br>McElroy, Deutsch, Mulvaney & Carpenter, LLP<br>Three Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102-4079<br>(973) 622-7711<br>*Attorneys for Defendant, Pyromation, Inc.* |
| Joseph G. Falcone, Esq.<br>Chadbourne & Parke, LLP<br>30 Rockefeller Plaza<br>New York, NY 10112-0127<br>(212) 408-1082<br>*Attorneys for Defendant, Endress+Hauser, Inc., Endress+Hauser Wetzer (USA), Inc., Endress+Hauser GMBH+Co., Rickwell Automation, Inc.* | Alyssa A. Cimino, Esq.<br>Cimino & Nowicki, LLP<br>376 Hollywood Avenue<br>Fairfield, NJ 07004<br>*Attorneys for Defendant Jumo Process Control, Inc.* |
| Karen H. Bromberg, Esq.<br>Cohen & Gesser, LLP<br>800 Third Avenue<br>New York, NY 10022<br>*Attorneys for Plaintiff* | Dennis J. Sullivan, Esq.<br>Muldoon Blasiak & Sullivan LLP<br>250 S. Clinton Street, Suit e300<br>Syracuse, NY 13202<br>*Attorneys for Defendant Jumo Process Control, Inc.* |

                                                          /s/ Thomas M. Walsh<br>                                                           Thomas M. Walsh

Dated:  July 15, 2010