CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
(212) 408-5100

Attorneys for Defendant Endress+Hauser, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTEMPCO CONTROLS LTD., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:10-CV-2152-SDW-MCA |
| | ) |
| v. | ) |
| ENDRESS+HAUSER, INC., | ) |
| ENDRESS+HAUSER WETZER (USA), INC., | ) **ENDRESS+HAUSER, INC.'S** |
| ROCKWELL AUTOMATION, INC., | ) **ANSWER TO** |
| PYROMATION, INC. | ) **AMENDED COMPLAINT AND** |
| JUMO GMBH & CO. KG, JUMO PROCESS | ) **AFFIRMATIVE DEFENSES,** |
| CONTROL INC., TEL-TRU, INC., and TEL- | ) **COUNTERCLAIMS, AND** |
| TRU DOMESTIC INTERNATIONAL SALES | ) **JURY DEMAND** |
| CORP., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Defendant Endress+Hauser, Inc., having a principal place of business located at 2350 Endress Place, Greenwood, Indiana 46143, by its attorneys, hereby answers the Amended Complaint ("Amended Complaint") of Plaintiff Intempco Controls Ltd. ("Plaintiff") as follows, using the same headings and numbering as in the Amended Complaint:

### NATURE OF THE ACTION

1.     Endress+Hauser, Inc. admits that Plaintiff purports to bring this action for alleged infringement of United States Patent No. 7,223,014 ("the Patent") under 35 U.S.C. § 100, *et seq.*, and in particular, § 271, and denies that infringement has occurred.

2. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

3. Admitted as to Endress+Hauser, Inc. and Endress+Hauser Wetzer (USA), Inc.

4. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

5. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

6. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

7. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

8. Endress+Hauser, Inc. denies each and every allegation directed to Endress+Hauser, Inc. and Endress+Hauser Wetzer (USA), Inc. in paragraph 8.  As to all other defendants, Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## **PARTIES**

9. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

10. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

11. Admitted.

12. Admitted.

13. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

14. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

15. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

16. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

17. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

18. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## JURISDICTION AND VENUE

19. Paragraph 19 of the Amended Complaint states a legal conclusion to which no response is required.

20. Paragraph 20 of the Amended Complaint states a legal conclusion to which no response is required.

21. The allegation of paragraph 21 of the Amended Complaint relating to the personal jurisdiction states a legal conclusion to which no response is required. Endress+Hauser, Inc. denies the remaining allegations of paragraph 21 as to Endress+Hauser, Inc. and Endress+Hauser Wetzer (USA), Inc.  As to all the other defendants, Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

22. Admitted as to Endress+Hauser, Inc. and Endress+Hauser Wetzer (USA), Inc.

23. Admitted as to Endress+Hauser, Inc. and Endress+Hauser Wetzer (USA), Inc.

24. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

25. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

26. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

27. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

28. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

29. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

30. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

31. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

32. Endress+Hauser, Inc. denies each and every allegation directed to Endress+Hauser, Inc. and Endress+Hauser Wetzer (USA), Inc. in paragraph 32. As to all other defendants, Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

33. Endress+Hauser, Inc. denies each and every allegation directed to Endress+Hauser, Inc. and Endress+Hauser Wetzer (USA), Inc. in paragraph 33. As to all other defendants, Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## RELEVANT FACTS

*The Patent*

34. Endress+Hauser, Inc. admits that the Patent issued on May 29, 2007, that the Patent is entitled "REMOTELY PROGRAMMABLE INTEGRATED SENSOR TRANSMITTER," and that a copy of the Patent was annexed to the Amended Complaint as Exhibit 1. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 34, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

35. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

36. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

*The Intempco MIST Product*

37. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

*The Infringing Products*

38. Admitted as disclosed on page 2 of "Technical Information Easytemp™ TSM470G/ TSM470F/ TSM470P."  To the extent that the heading "The Infringing Products" is an allegation and is directed to Endress+Hauser, Inc. and/or Endress+Hauser Wetzer (USA), Inc., Endress+Hauser, Inc. denies such allegation.

39. Endress+Hauser, Inc. admits that Endress+Hauser, Inc.and Endress+Hauser Wetzer (USA), Inc. make, offer for sale and sell other sensor products besides those directed to temperature.  Endress+Hauser, Inc. denies the remaining allegations of paragraph 39 as to Endress+Hauser, Inc. and Endress+Hauser Wetzer (USA), Inc.

40. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

41. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

42. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

43. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

44. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

## **CLAIMS FOR RELIEF**

### **First Count of Infringement Against E+H**

45. Endress+Hauser, Inc. repeats and incorporates its answers to paragraphs 1-44.

46. Endress+Hauser, Inc. denies each and every allegation contained in paragraph 46.

47. Endress+Hauser, Inc. denies each and every allegation contained in paragraph 47.

48. Endress+Hauser, Inc. denies each and every allegation contained in paragraph 48.

### **Second Count of Infringement Against Rockwell**

49. Endress+Hauser, Inc. repeats and incorporates its answers to paragraphs 1-44.

50. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

51. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

52. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

### Third Count of Infringement Against Pyromation

53. Endress+Hauser, Inc. repeats and incorporates its answers to paragraphs 1-44.

54. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

55. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

56. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

### Fourth Count of Infringement Against Jumo

57. Endress+Hauser, Inc. repeats and incorporates its answers to paragraphs 1-44.

58. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

59. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

60. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

### Fifth Count of Infringement Against Tel-Tru

61. Endress+Hauser, Inc. repeats and incorporates its answers to paragraphs 1-44.

62. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

63. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

64. Endress+Hauser, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

### **AFFIRMATIVE DEFENSES**

Endress+Hauser, Inc. asserts the following affirmative defenses to the causes of action asserted in Plaintiff's Amended Complaint, undertaking to prove only those defenses on which it bears the burden of proof under the applicable law.

### First Affirmative Defense

Endress+Hauser, Inc. has not infringed and is not infringing any valid and enforceable claim of the Patent, either literally or under the doctrine of equivalents.

### Second Affirmative Defense

The claims of the Patent are invalid for or failure to meet the requirements of the Patent Act, 35 U.S.C. § 100, *et seq.,* including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Third Affirmative Defense

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrines of laches, estoppel, waiver, and/or unclean hands.

### Fifth Affirmative Defense

Endress+Hauser, Inc. reserves the right to assert additional defenses that may become available or appear during discovery or otherwise in this case, and further reserves the right to assert any affirmation defenses asserted by other Defendants to the extend such defenses apply as to Endress+Hauser, Inc.

## COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff Endress+Hauser, Inc. asserts the following Counterclaims against Plaintiff and Counterclaim-Defendant Intempco Controls Ltd. ("Intempco").

## THE PARTIES

1. Endress+Hauser, Inc. is an Indiana corporation having a principal place of business at 2350 Endress Place, Greenwood, Indiana 46143.

2. Based on the averments in paragraphs 9 and 10 of the Amended Complaint, Intempco is a Canadian corporation having its principal Canadian place of business at 2511, Guenette, Montreal, (Quebec) Canada, and having its principal place of business in the United States at 165 State Street, Suite C, Hackensack, New Jersey.

## NATURE OF THE COUNTERCLAIMS AND JURISDICTION

3. Endress+Hauser, Inc.'s Counterclaims arise under 28 U.S.C. § 2201. Endress+Hauser, Inc. seeks declaratory relief, specifically, a judicial declaration as to non-infringement and invalidity of U.S. Patent No. 7,223,014 ("the '014 Patent").

4. This Court has jurisdiction over Endress+Hauser, Inc.'s Counterclaims under 28 U.S.C. §§ 1331, 1338(a).

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## COUNT I

## NON-INFRINGEMENT

6. Endress+Hauser, Inc. incorporates and realleges Counterclaim paragraphs 1 through 5 as though fully set forth herein.

7. Endress+Hauser, Inc. has not infringed and is not infringing any valid, enforceable claim of the '014 Patent, either literally or under the doctrine of equivalents.

12

8.     Endress+Hauser, Inc. therefore seeks a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '014 Patent, either literally or under the doctrine of equivalents.

## COUNT II

## INVALIDITY

9.     Endress+Hauser, Inc. incorporates and realleges Counterclaim paragraphs 1 through 8 as though fully set forth herein.

10.    One or more claims of the '014 Patent is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 100, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

11.    Endress+Hauser, Inc. therefore seeks a declaratory judgment that one or more claims of the '014 Patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 100, *et seq.*

## PRAYER FOR RELIEF

WHEREFORE Defendant and Counterclaim Plaintiff Endress+Hauser, Inc. respectfully prays for judgment against Intempco Controls Ltd. as follows:

(1)    ordering Intempco take nothing by its Amended Complaint;

(2)    declaring that Endress+Hauser, Inc. does not infringe any claim of the '014 Patent;

(3)    declaring that one or more claims of the '014 Patent is invalid;

(4)    declaring this is an exceptional case under 35 U.S.C. § 285 and that Endress+Hauser, Inc. is entitled to an award of its attorneys' fees;

(5) awarding Endress+Hauser, Inc. its costs and disbursements for this action; and

(6) awarding Endress+Hauser, Inc. such other and further relief as this court may deem just and proper.

## JURY DEMAND

Endress+Hauser, Inc. demands a trial by jury as to all issues in this matter so triable.

Endress+Hauser, Inc. does not consent to a verdict by less than six jurors in this matter.

Dated:  July 16, 2010                                      Respectfully submitted,

By*:*   /s/ Joseph G. Falcone
Joseph G. Falcone
   (jfalcone@chadbourne.com)
John M. Hintz (admitted *pro hac vice*)
   (jhintz@chadbourne.com)
Thomas N. Pieper (admitted *pro hac vice*)
   (tpieper@chadbourne.com)
**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza
New York, NY  10112
(212) 408-5100

ATTORNEYS FOR DEFENDANT
ENDRESS+HAUSER, INC.

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

The undersigned hereby certifies that, to his knowledge, this particular matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: July 16, 2010                               /s/ Joseph G. Falcone
                                                            Joseph G. Falcone

**CERTIFICATION OF SERVICE**

      I, Joseph G. Falcone, one of the attorneys for Defendant Endress+Hauser, Inc., do hereby certify that the foregoing "Endress+Hauser, Inc.'s Answer to Amended Complaint and Affirmative Defenses, Counterclaims, and Jury Demand" has been electronically filed and served upon the following counsel of record on the 16th day of July, 2010:

| | |
|---|---|
| Karen H. Bromberg<br>   (kbromberg@cohengresser.com)<br>Sandra C. McCallion<br>   (smccallion@cohengresser.com)<br>Francisco A. Villegas<br>   (fvillegas@cohengresser.com)<br>Damir Cefo<br>   (dcefo@cohengresser.com)<br>COHEN & GRESSER LLP<br>100 Park Avenue<br>New York, NY  10017 | Craig Hilliard<br>   (chilliard@stark-stark.com)<br>STARK & STARK<br>A Professional Corporation<br>P.O. Box 5315<br>Princeton, NJ  08543-5315 |
| ATTORNEYS FOR PLAINTIFF INTEMPCO CONTROLS LTD. ||
| | |
| Thomas F. McGuane<br>   (tmcguane@mdmc-law.com)<br>MCELROY, DEUTSCH, MULVANEY &<br>CARPENTER, LLP<br>3 Gateway Center<br>100 Mulberry Street<br>Newark, NJ  07102-4079 | D. Randall Brown<br>   (randy.brown@btlaw.com)<br>Barnes & Thornburg LLP<br>600 One Summit Square<br>Fort Wayne, IN  46802 |
| ATTORNEYS FOR DEFENDANT PYROMATION, INC. ||
| | |
| Alyssa A. Cimino<br>   (acimino@cnllplaw.com)<br>CIMINO & NOWICKI, LLP<br>376 Hollywood Avenue, Suite 206<br>Fairfield, NJ  07004 | Denis Sullivan<br>   (dsullivan@cny-iplaw.com)<br>Marjama Muldoon Blasiak & Sullivan LLP<br>250 South Clinton St., Suite 300<br>Syracuse, NY  13202 |
| ATTORNEYS FOR DEFENDANTS<br>JUMO GMBH & CO. KG and JUMO PROCESS CONTROL INC. ||

| | |
|---|---|
| Thomas M. Walsh<br>    (twalsh@trenklawfirm.com)<br>Trenk, DiPasquale, Webster, Della Fera & Sodono, P.C.<br>347 Mount Pleasant Avenue, Suite 300<br>West Orange, NJ  07052 | Nicholas Mesiti<br>    (nm@hrfmlaw.com)<br>Heslin Rothenberg Farley & Mesiti<br>5 Columbia Circle<br>Albany, NY  12203 |
| | |
| ATTORNEYS FOR TEL-TRU, INC. and<br>TEL-TRU DOMESTIC INTERNATIONAL SALES CORP. | |

By: /s/ Joseph G. Falcone
    Joseph G. Falcone

ATTORNEY FOR DEFENDANT