UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTEMPCO CONTROLS LTD., <br><br> Plaintiff, <br><br> vs. <br><br> ENDRESS+HAUSER, INC., ENDRESS+HAUSER WETZER (USA), INC., ENDRESS+HAUSER GMBH + CO., ROCKWELL AUTOMATION, INC., PYROMATION, INC., JUMO GMBH & CO. KG, JUMO PROCESS CONTROL, INC., TEL-TRU, INC., AND TEL-TRU DOMESTIC INTERNATIONAL SALES CORP., <br><br> Defendants. | Civil Action No. 2:10-cv-02152-SDW-ES <br><br> AMENDED ORDER GRANTING ADMISSION OF KAREN H. BROMBERG, SANDRA C. McCALLION, FRANCISCO A. VILLEGAS, EVAN M. ROSENBAUM and DAMIR CEFO TO PRACTICE *PRO HAC VICE* |

THIS MATTER having been brought before the Court by Stark & Stark, a Professional Corporation, attorneys for Plaintiff, Intempco Controls LTD., on application for an Order allowing Karen H. Bromberg, Esq., Sandra C. McCallion, Esq., Francisco A. Villegas, Esq., Evan M. Rosenbaum, Esq. and Damir Cefo, Esq., of the law firm of Cohen & Gresser LLP, to appear and participate *pro hac vice*; and the Court having considered the moving papers; and this matter being considered pursuant to Fed.R.Civ.P. 78, and upon good cause appearing;

IT IS on this 4 day of Aug, 2010 hereby:

ORDERED that the application is granted, and Karen H. Bromberg, Esq., Sandra C. McCallion, Esq., Francisco A. Villegas, Esq., Evan M. Rosenbaum, Esq. and Damir Cefo, Esq. are admitted to practice *pro hac vice* before this Court, for all purposes and in all proceedings connected with this litigation; and it is further

**ORDERED** that Karen H. Bromberg, Esq., Sandra C. McCallion, Esq., Evan M. Rosenbaum, Esq. and Damir Cefo, Esq., members of the Bar of the State of New York, and Francisco A. Villegas, Esq., a member of the Bars of the States of California, Connecticut and the District of Columbia, be permitted to appear *pro hac vice* in the above-captioned matter pursuant to L.Civ.R. 101.1(c); and it is further

**ORDERED** that all pleadings, briefs and other papers filed with the Court shall be signed by a member or associate of the law firm of Stark & Stark, counsel of record for Plaintiff, Intempco Controls Ltd., who are admitted to the Bar of this Court and shall be held responsible for said papers and for the conduct of the case and who shall be held responsible for the conduct of the attorneys admitted herein; and it is further

**ORDERED** that, for the duration of this case, Karen H. Bromberg, Esq., Sandra C. McCallion, Esq., Francisco A. Villegas, Esq., Evan M. Rosenbaum, Esq. and Damir Cefo, Esq., shall pay the annual fee to the New Jersey Lawyers' Fund for Client Protection for each attorney in accordance with New Jersey Court Rule 1:28-2, within twenty (20) days of the date of the entry of this Order; and it is further

**ORDERED** that Karen H. Bromberg, Esq., Sandra C. McCallion, Esq., Francisco A. Villegas, Esq., Evan M. Rosenbaum, Esq. and Damir Cefo, Esq., shall made payment of $150.00 for each attorney to the Clerk, United States District Court in accordance with L. Civ. R. 101(c) (3), as amended, within twenty (20) days of the date of the entry of this Order; and it is further

**ORDERED** that Karen H. Bromberg, Esq., Sandra C. McCallion, Esq., Francisco A. Villegas, Esq., Evan M. Rosenbaum, Esq. and Damir Cefo, Esq., shall be bound by theRules of the United States District Court for the District of New Jersey, including, but not limited to, the

provisions of L. Civ. R. 103.1, <u>Judicial Ethics and Professional Responsibility</u>, and L. Civ. R. 104.1, <u>Discipline of Attorneys</u>; and it is further

**ORDERED** that Karen H. Bromberg, Esq., Sandra C. McCallion, Esq., Francisco A. Villegas, Esq., Evan M. Rosenbaum, Esq. and Damir Cefo, Esq., shall be deemed to have agreed to take no fee in any tort case in excess of New Jersey State Court Contingency Fee Rule, Rule 1:21-7, as amended.

_____
THE HONORABLE MADELINE C. ARLEO
United States Magistrate Judge