STARK & STARK
A PROFESSIONAL CORPORATION
PO BOX 5315
PRINCETON, NEW JERSEY 08543-5315
(609) 896-9060

and

COHEN & GRESSER LLP
800 THIRD AVENUE
NEW YORK, NEW YORK 10022
(212) 957-7600
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTEMPCO CONTROLS LTD.,<br><br>       Plaintiff,<br><br>- against -<br><br>ENDRESS+HAUSER, INC., ENDRESS+HAUSER WETZER (USA), INC., ROCKWELL AUTOMATION, INC., PYROMATION, INC., JUMO GMBH & CO. KG, JUMO PROCESS CONTROL INC., TEL-TRU, INC., and TEL-TRU DOMESTIC INTERNATIONAL SALES CORP.,<br><br>       Defendants. | Civil Action No. 2:10-cv-02152-SDW-MCA<br><br>**INTEMPCO CONTROLS LTD.'S ANSWER TO DEFENDANT ENDRESS+HAUSER, INC.'S COUNTERCLAIMS** |

   Plaintiff-Counterclaim-Defendant, Intempco Controls Ltd. ("Intempco"), by and through its undersigned counsel, as and for its Answer to the Counterclaims of Defendant-Counterclaim-Plaintiff Endress+Hauser, Inc., states as follows:

00068283

## ANSWER TO COUNTERCLAIMS

## THE PARTIES

1. Intempco lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1 of the Counterclaims.

2. Admits Intempco is a Canadian corporation having its principal Canadian place of business at 2511, Guenette, Montreal, (Quebec) Canada, and having its principal of business in the United States at 165 States Street, Suite C, Hackensack, New Jersey.

## NATURE OF THE COUNTERCLAIMS AND JURISDICTION

3. The first sentence of Paragraph 3 contains legal conclusions to which no response is required. In response to the second sentence of Paragraph 3, Intempco admits that Endress+Hauser, Inc. seeks declaratory relief, specifically, a judicial declaration as to non-infringement and invalidity of U.S. Patent No. 7,223,014 (the "Patent").

4. Paragraph 4 contains legal conclusions to which no response is required.

5. Paragraph 5 contains legal conclusions to which no response is required.

## COUNT I

## NON-INFRINGEMENT

6. Intempco incorporates paragraphs 1-44 of the Amended Complaint, and paragraphs 1-5 and the Affirmative Defense of this Answer, as though fully set forth herein.

7. Denied.

8. Admits Endress+Hauser, Inc. seeks a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the Patent, either literally or under the doctrine of equivalents, but denies that such relief should be granted.

00068283

## COUNT II

## INVALIDITY

9. Intempco incorporates paragraphs 1-44 of the Amended Complaint, and paragraphs 1-8 and the Affirmative Defense of this Answer, as though fully set forth herein.

10. Denied.

11. Admits Endress+Hauser, Inc. seeks a declaratory judgment, but denies that one or more claims of the Patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 100, *et seq*.

## AFFIRMATIVE DEFENSES

Intempco asserts the following defense and reserves the right to amend its Answer as new information becomes available. The listing of any defense below shall not be construed as an admission that Intempco bears the burden of proof as to such defense:

## AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief may be granted.

## PRAYER FOR RELIEF

WHEREFORE, Intempco demands the following relief:

    (i)    Judgment in favor of Intempco;

    (ii)    Judgment dismissing Endress+Hauser, Inc.'s Counterclaims with prejudice;

    (iii)    Such other and further relief as the Court deems just and equitable.

Dated: August 9, 2010

                                Respectfully submitted,

                                **STARK & STARK**
                                A Professional Corporation
                                P.O. Box 5315
                                Princeton, New Jersey 08543-5315

                                By: _____
                                      CRAIG S. HILLIARD
                                      *Attorneys for Plaintiff*

                                **COHEN & GRESSER LLP**
                                Sandra C. McCallion
                                Karen H. Bromberg
                                Francisco A. Villegas
                                Damir Cefo
                                800 Third Avenue
                                New York, New York 10022

                                *Attorneys for Plaintiff*
                                *Intempco Controls Ltd.*