UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTEMPCO CONTROLS LTD.,<br><br>                        Plaintiff,<br><br>- against -<br><br>ENDRESS+HAUSER, INC.,<br>ENDRESS+HAUSER WETZER (USA),<br>INC., ROCKWELL AUTOMATION, INC,<br>PYROMATION, INC., JUMO GMBH &<br>CO. KG, JUMO PROCESS CONTROL<br>INC., TEL-TRU, INC., and TEL-TRU<br>DOMESTIC INTERNATIONAL SALES<br>CORP.,<br><br>                        Defendants | Civil Action No. 2:10-cv-02152-SDW-MCA<br><br>Hon. Madeline Cox Arleo<br><br>**JOINT DISCOVERY PLAN** |

1.    Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

Plaintiff Intempco Controls Ltd. ("Intempco") designs, among other types of industrial instrumentation, Microprocessor Integrated Sensor Transmitter ("MIST") products covered by U.S. Patent No. 7,223,014 ("the Patent"). These products combine into one unit a sensor and a programmable scaling transmitter. Intempco presently manufactures and sells MIST temperature products that use a resistive temperature device, and humidity products that use a capacitance device. Intempco is also in the process of releasing its MIST pressure and MIST level products. Intempco alleges that each of the defendants through certain of its sensor products has or does infringe the Patent and, as a result, Intempco seeks damages and injunctive relief.

Defendants Endress+Hauser, Inc., Endress+ Hauser Wetzer (USA), Inc., Rockwell Automation, Inc., Pyromation, Inc., Jumo GmbH & Co. KG., Jumo Process Control Inc., Tel-Tru, Inc., and Tel-Tru Domestic International Sales Corp. each filed answers denying infringement of the Patent and asserting affirmative defenses of patent invalidity. Many Defendants also counterclaimed for a declaratory judgment (a) that each defendant does not infringe the Patent and (b) that the claims of the Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 100, *et seq*. One or more Defendants also alleged (a) Intempco's Amended Complaint fails to state a claim upon which relief can be granted, (b) Intempco's claims are barred in whole or in part by the doctrines of laches, estoppel, waiver, and/or unclean hands, (c) venue is improper, (d) lack of personal jurisdiction, and (e) and that Intempco failed to mark its products in accordance with 35

1

U.S.C. § 287(a).

2. Have settlement discussions taken place? Yes __X__ No _____

If so, when? Settlement discussions have occurred in late August between plaintiff Intempco and defendants Endress+Hauser, Inc., Endress+Hauser Wetzer (USA), Inc., Jumo GMBH & Co. KG, and Jumo Process Control Inc.

   (a) What was plaintiff's last demand?

      (1) Monetary demand: $ N/A
      (2) Non-Monetary demand: N/A

   (b) What was defendant's last offer?

      (1) Monetary offer: $ N/A
      (2) Non-monetary offer: N/A

3. The parties **have** exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefore.

4. Describe any discovery conducted other than the above disclosures.

Intempco and defendants Endress+Hauser, Inc. and Endress+Hauser Wetzer (USA), Inc. agreed on August 20, 2010 to informally exchange information and documents on certain issues concerning infringement, prior art, the conception and reduction to practice of certain Intempco and Endress technology and products, ownership of the Patent, licenses to the Patent, and damages.

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

The parties believe that information uncovered during discovery may necessitate amendments to the pleadings.

6. The parties proposed the following:

   (a) Discovery is needed on the following subjects: infringement/non-infringement, validity/invalidity, and enforceability/unenforceability of the Patent; damages for the alleged infringement by each defendant; "secondary considerations;" actual or constructive notice of alleged infringement given by Intempco to defendants; whether any of the alleged infringement by defendants has been willful; defendants' affirmative defenses including alleged laches, estoppel, waiver, and unclean hands.

(b)   Should discovery be conducted in phases?  **No**.

(c)   Number of Interrogatories by each party to each other party:

Plaintiff proposes that each side (plaintiff, and defendants cumulatively) may serve no more than 25 interrogatories, including all discrete subparts.

Defendants propose that plaintiff may serve no more than 25 interrogatories, including all discrete subparts, and defendants may collectively serve 35 interrogatories, including all discrete subparts.  Defendants may serve common interrogatories (i.e., interrogatories served by all defendants on plaintiff), in which case each such common interrogatory shall count as one interrogatory.

(d)   Number of Depositions to be taken by each party:

Based on the initial disclosures that the parties have exchanged, plaintiff proposes that each side (plaintiff, and defendants cumulatively) is limited to 25 fact depositions, and that the parties will confer in good faith at an appropriate time to ascertain the number of depositions necessary for expert discovery.  The parties recognize that they may require depositions in excess of the numbers specified, and they will confer in good faith and seek the Court's permission if additional depositions are required.  Similarly, the number of necessary depositions may be reduced if any parties settle.

Defendants propose that plaintiff is limited to 25 **fact** depositions and defendants are limited to 40 **fact** depositions **(including depositions of plaintiff, its current and former employees, and third parties)**.  Defendants may take common depositions (i.e., multiple defendants may ask questions during the deposition), in which case each such common deposition shall count as one deposition.  The parties recognize that they may require depositions in excess of the numbers specified, and they will confer in good faith and seek the Court's permission if additional depositions are required.  The parties will confer in good faith at an appropriate time to ascertain the number of depositions necessary for expert discovery.

(e)   Plaintiff's expert report(s) due **four (4)** weeks following a Markman Order or the close of fact discovery, whichever is later, and Defendants' responsive report(s) due **four (4)** weeks after service of Plaintiff's expert report(s).

(f)   Defendants' expert report(s) due **four (4)** weeks following a Markman Order or the close of fact discovery, whichever is later, and Plaintiff's responsive report(s) due **four (4)** weeks after service of Defendants' expert report(s).

(g)   Motions to Amend or to Add Parties to be filed by **August 15, 2011**.

(h)   Dispositive motions to be served within **forty-eight (48)** days of completion of discovery.

  (i)  Factual discovery to be completed by **September 16, 2011**.

  (j)  Expert discovery to be completed **eight (8)** weeks following expert responsive reports.

  (k)  Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

    (i)  The parties have agreed to a stipulated Protective Order.

    (ii)  The parties anticipate entering into an Electronic Discovery Protocol within seven (7) days of the Scheduling Conference.

    (iii)  The parties agree that they are not required to prepare privilege logs for any document or communication that occurred after the filing of this lawsuit.

    (iv)  The parties agree that drafts of expert reports and communications with experts will be considered work product and not discoverable; provided, however, that the expert reports shall contain or identify all data or other information relied upon by the expert in forming the opinions expressed therein.

  (l)  A pretrial conference may take place **4 months following the close of expert discovery.**

  (m)  Trial by jury or non-jury Trial? **Jury trial.**

  (n)  Trial date: **4 months following the pretrial conference.**

7.  Do you anticipate any discovery problem(s)? Yes _____ No____X_____
If so, explain.

8.  Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes __X__ No ____

  The parties expect that some discovery will take place outside of the United States and that some of this discovery will be from non-parties to the lawsuit. Defendants also expect that one or more depositions will be conducted by telephone and/or attended by counsel by telephone.

9.  State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

70085

The parties agree that this case is appropriate for voluntary mediation and believe the any such mediation would best be accomplished by a private mediator selected by the parties.

10.Is this case appropriate for bifurcation? Yes _____ No ___X___.

11.We **do not** consent to the trial being conducted by a Magistrate Judge.

Respectfully submitted,

STARK & STARK
By: _____
Craig S. Hilliard
chilliard@stark-stark.com

P.O. Box 5315
Princeton, New Jersey 08543
(609) 896-9060

*Attorneys for Plaintiff, Intempco Controls Ltd.*

TRENK, DIPASQUALE, WEBSTER, DELLA FERA & SODONO, P.C.
By: _____
Thomas M. Walsh
twalsh@trenklawfirm.com

347 Mount Pleasant Avenue, Suite 300
West Orange, New Jersey 07052
(973) 243-8600

*Attorneys for Defendants, Tel-Tru, Inc. and Tel-Tru Domestic International Sales Corp.*

CIMINO & NOWICKI, LLP
By: _____
Alyssa A. Cimino
acimino@cnllplaw.com

376 Hollywood Avenue, Suite 206
Fairfield, New Jersey 07004
(973) 986-0412

*Attorneys for Defendant, Jumo Process Control, Inc.*

CHADBOURNE & PARKE LLP
By: _____
Joseph G. Falcone
jfalcone@chadbourne.com

30 Rockefeller Plaza
New York, New York 10112
(212) 408-5100

*Attorneys for Defendants, Endress+Hauser (all) and Rockwell Automation, Inc.*

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
By: _____
Thomas F. McGuane
tmcguane@mdmc-law.com

Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-7711

*Attorneys for Defendant, Pyromation, Inc.*

70085